THOMAS EDWARD BURKE, JR.                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 5:09CV-P187-R

LaDONNA H. THOMPSON *et al.*                                                         DEFENDANTS


## MEMORANDUM OPINION

Plaintiff Thomas Edward Burke, Jr., is a convicted inmate currently incarcerated in the

Kentucky State Penitentiary ("KSP").  Seeking damages and equitable relief, Plaintiff filed a *pro*

*se* complaint against the following Defendants in their individual and official capacities:

LaDonna H. Thompson, Commissioner of the Kentucky Department of Corrections (KDOC);

Alan Brown, Warden of Programs at KSP; Dr. Steve Hiland, physician at KSP; Shannon Hiland,

nurse at KSP; and John Wood, N.S.A. at KSP.

Plaintiff alleges claims of deliberate indifference to a serious medical need under the

Eighth and Fourteenth Amendments.  He claims that he has sleep apnea and needs to be able to

use his C-PAP machine any time he goes to sleep, whether at night or during the day while

taking naps, because without the machine he is placed at "very serious risk" for dying in his

sleep.  He initially reports a two-month delay in his receipt of his C-PAP breathing machine.

While he has now received his C-PAP machine, he claims that he has limited use of the machine

and only at night and reports that because there is no outlet in his segregation cell, an extension

cord is run into his cell but has been unplugged from in the hallway on occasion.  He states that

he has requested unlimited use of the machine at night and throughout the day; a battery backup

so that he will not suffocate if the power goes out; and a water-based inhalant to use in his

breathing machine.  He has also requested that, upon release from segregation, he be placed in a

non-smoking cell due to his breathing condition.

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C.

§ 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that

follow, a portion of the claims will be dismissed and the others will continue.

## I.

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view

the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual

allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009)

(citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the

district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488

(quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555,

557).

## II.

### A.    *Official-capacity claims for damages*

Section 1983 creates no substantive rights, but merely provides remedies for deprivations

of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of

federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West

v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

Each Defendant is an officer or employee of the Commonwealth of Kentucky. A state,

its agencies, and state officials sued in their official capacities for money damages are not

"persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

(1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, official-capacity

claims for damages against state officials are barred by the Eleventh Amendment to the United

States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This

[Eleventh Amendment] bar remains in effect when State officials are sued for damages in their

official capacity."); *Daleure v. Commonwealth of Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky.

2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit."). Accordingly, the official-capacity claims for damages against all Defendants will be dismissed.

## B.     *Individual-capacity claims*

Plaintiff alleges violations under the Eighth and Fourteenth Amendments to the U.S. Constitution. Plaintiff's Fourteenth Amendment claim, however, is more properly analyzed only under the Eighth Amendment. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' [under the Fourteenth Amendment] must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Because the Eighth Amendment provides an explicit textual source of constitutional protection in this case, Plaintiff's Fourteenth Amendment claim of deliberate indifference to serious medical needs is inappropriate and will be dismissed.

### 1.  *Defendants LaDonna H. Thompson and Alan Brown*

Plaintiff claims that on September 1 and 18, 2009, he wrote to Defendant Brown regarding the use and time he gets to use the extension cord while in segregation and requested a cell on a non-smoking walk upon his release from segregation. Plaintiff reports that Defendant Brown denied his grievance. As to Defendant Thompson, Plaintiff advises that she denied his appeal of a grievance.

Defendant Thompson's and Brown's positions as Commissioner and Warden of Programs, respectively, do not automatically make them liable for the actions of their

4

subordinates. "Respondeat superior[1] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). Thus, the fact that these supervisory Defendants were aware of Plaintiff's complaints is not enough to subject them to liability under § 1983 for Plaintiff's medical providers' failure to provide Plaintiff with the type of treatment he desired. *See, e.g.*, *Brown v. Green*, No. 97-1117, 1997 WL 777979, at *2 (6th Cir. Dec. 12, 1997) ("Defendant Green, being sued in her official capacity as the Medical Director of the Michigan Department of Corrections, cannot be held liable for an alleged constitutional violation, because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Farrow v. West*, 320 F.3d 1235, 1238 n.1 (11th Cir. 2003) (holding that the regional director of prison medical services was not liable for actions of subordinate medical staff).

---

[1]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

Likewise, Defendants Thompson's and Brown's adjudication of Plaintiff's letters and

grievances does not subject them to liability under § 1983.  There is "no constitutionally

protected due process interest in unfettered access to a prison grievance procedure."  *Walker v.*

*Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005).  By the same token, a plaintiff

cannot maintain a claim against a prison official based solely on his or her denial of the

plaintiff's grievance.  "The 'denial of administrative grievances or the failure to act' by prison

officials does not subject supervisors to liability under § 1983."  *Grinter v. Knight*, 532 F.3d 567,

576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)).  "The mere

denial of a prisoner's grievance states no claim of constitutional dimension."  *Alder v. Corr.*

*Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003).  A plaintiff's claim is against the subjects of

his grievances, not those who merely decided whether to grant or deny the grievances.  *See*

*Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding

Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin*

*v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as

the denial of a request to receive medical care."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490,

493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant

denied an administrative grievance or failed to act based upon information contained in a

grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v.*

*Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself

constitute sufficient personal involvement to state a claim for a constitutional violation.").  Thus,

where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails

to allege any personal involvement by the defendant in the alleged denial of medical treatment.

*Id.*

6

For these reasons, the individual-capacity claims against Defendants Thompson and Brown will be dismissed.

### 2. Defendants John Wood, Shannon Hiland, and Dr. Steve Hiland

The Court will allow the Eighth Amendment claims of deliberate indifference to a serious medical need to proceed against these medical Defendants in their official capacities for equitable relief and in their individual capacities for all relief.

The Court will enter a separate Scheduling Order governing the development of the continuing claims. The Court will also enter a separate Order dismissing all other claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005