UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:09-CV-187-R

THOMAS EDWARD BURKE, JR.                                              PLAINTIFF

v.

LaDONNA H. THOMPSON *et al.*                                         DEFENDANTS

## MEMORANDUM OPINION

Defendants, Steve Hiland and Chanin Hiland (named in the complaint as Shannon Hiland), filed a Motion to Dismiss (DN 38). Plaintiff, Thomas Burke, has filed a response (DN 41). Plaintiff then filed a motion to Dismiss Defendant's motion to Dismiss (DN 48). This Court will treat that motion as an addendum to the response to the motion, and the motion is accordingly DENIED. Defendant John Wood filed a Motion for Summary Judgment (DN 50). Plaintiff filed a Motion to Dismiss the Motion for Summary Judgment (DN 52). This Court will treat that motion as a response to the motion for summary judgment, and the motion is DENIED. Plaintiff then filed his own Motion for Summary Judgment (DN 53). Defendant John Wood filed a response to the Motion to Dismiss the Motion for Summary Judgment, which this Court will treat as a reply (DN 54). Finally, Plaintiff filed a reply to the response, which this Court will treat as a surreply (DN 56). Accordingly, the Motion to Dismiss and Motions for Summary judgment have been fully briefed and are ripe for review. Being fully informed, this Court GRANTS the Defendants' Motion to Dismiss and the Motion for Summary Judgment. The Plaintiff's Motion for Summary Judgment is DENIED.

## BACKGROUND

Plaintiff Thomas Edward Burke, Jr., is an inmate currently incarcerated in the Kentucky

State Penitentiary ("KSP"). Seeking damages and equitable relief, Plaintiff filed a *pro se* complaint against the following Defendants in their individual and official capacities: LaDonna H. Thompson, Commissioner of the Kentucky Department of Corrections (KDOC); Alan Brown, Warden of Programs at KSP; Dr. Steve Hiland, physician at KSP; Shannon Hiland, nurse at KSP; and John Wood, N.S.A. at KSP. Previously, all parties but Steve Hiland, Chanin (Shannon) Hiland and John Wood were dismissed.

Plaintiff alleges claims of deliberate indifference to a serious medical need under the Eighth and Fourteenth Amendments. He claims that he has sleep apnea and needs to be able to use his C-PAP machine any time he goes to sleep, whether at night or during the day while taking naps, because without the machine he is placed at "very serious risk" for dying in his sleep. He initially reports a two-month delay in his receipt of his C-PAP breathing machine. While he has now received his C-PAP machine, he claims that his use of the machine is limited to nights and reports that because there is no outlet in his segregation cell, an extension cord is run into his cell but has been unplugged on occasion. He states that he has requested unlimited use of the machine at night and throughout the day; a battery backup so that he will not suffocate if the power goes out; and a water-based inhalant to use in his breathing machine. He has also requested that, upon release from segregation, he be placed in a non-smoking cell due to his breathing condition. Plaintiff has tried to avail himself of multiple administrative remedies.

## STANDARD

**I. Motion to Dismiss**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188

F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted). A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.*

Furthermore, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A court is not bound to accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.

## II. Motion for Summary Judgment

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of

evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Plaintiff has several issues in his complaint. First, Plaintiff claims that guards were unplugging his machine while he was in a Segregation Unit for disciplinary reasons. Plaintiff also requested that after his time in Segregation was completed, he be transferred to a particular area due to his asthma and sleep apnea. Defendant alleges that Plaintiff was assigned to his requested unit, and, accordingly, he is no longer under the supervision of the guards about which he complained. Plaintiff has not contested this in his various responses. Accordingly, any claims based on the guards unplugging his machine or his desire to be in a certain ward are moot. Accordingly, they are DISMISSED as moot. Plaintiff has also failed to plead any facts demonstrating a medical need for a water based inhalant. Accordingly, there can be no deliberate indifference to such a need, and this claim is DISMISSED.

The remaining claims involve granting the Plaintiff access to his Continuous Positive Airway Pressure ("C-PAP") machine throughout the day rather than just during official sleeping hours and the Plaintiff's desire to have a battery back-up for his machine in the event of a power outage. Plaintiff alleges that the medical staff is showing deliberate indifference to a very serious medical need by not granting these requests.

As its jurisprudence has evolved, the Supreme Court has stated that the Eighth Amendment encompasses "the evolving standards of decency that mark the progress of a maturing society" and "the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (internal quotations omitted). "These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration." *Id.* Failure to provide medical care could produce pain and suffering, physical torture or a lingering death "inconsistent with contemporary standards of decency[.]" *Id.* Accordingly, the "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Id.* at 104. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05.

However, an "inadvertent failure to provide adequate medical care" or a "negligent [diagnoses or treatment]" does not state a valid claim of medical mistreatment under the Eighth Amendment. *Id.* at 104-05. Similarly, a dispute over the adequacy of treatment also does not generally result in a constitutional violation. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Rather, an inmate must be "exposed to undo suffering or the threat of tangible residual injury." *Id.*

In the current case, a doctor and multiple nurses have addressed Plaintiff's medical needs. Plaintiff has been provided with a C-PAP machine and is allowed access to the machine for 8 hours a day. Defendants have clearly made a determination that 8 hours of sleep with a C-PAP machine is sufficient to treat any negative effects associated with Plaintiff's sleep apnea. Due to the consistent and responsive treatment Plaintiff has received from his medical staff, as a matter of law,

Plaintiff cannot show any sort of deliberate indifference. Rather, Plaintiff can only show that he feels his current accommodations are insufficient while his doctors feel otherwise. This is the kind of disagreement that the Sixth Circuit has said does not rise to the level of a constitutional violation. *Accord Blackburn v. South Carolina*, No. 0:06-2011-PMD-BM, 2009 WL 632542, *20 (D.S.C. March 10, 2009); *Cramer v. Iverson*, No. 07-725, 2008 WL 4838715, at *7-8 (D.Minn. Novermber 5, 2008).

## CONCLUSION

For the foregoing reasons, then Defendants' Motion to Dismiss and Motion for Summary Judgment are GRANTED. The Plaintiff's Motion for Summary Judgment is DENIED. An appropriate order shall issue.