UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:09-CV-187-R

**THOMAS EDWARD BURKE, JR.**                          **PLAINTIFF**

**v.**

**LaDONNA H. THOMPSON** *et al.*                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed a motion to alter the judgment of this Court granting summary judgment for some defendants and granting dismissal for others (DN 63) or, alternatively, a motion to amend his complaint (DN 65). Defendants have filed responses (DN 70,71). Plaintiff has filed a reply (DN72). Plaintiff has also filed other miscellaneous motions (DN 64, 67, 68, 69). Accordingly, these matter is ripe for adjudication

## BACKGROUND

Plaintiff Thomas Edward Burke, Jr., is an inmate currently incarcerated in the Kentucky State Penitentiary ("KSP"). Seeking damages and equitable relief, Plaintiff filed a *pro se* complaint against the following Defendants in their individual and official capacities: LaDonna H. Thompson, Commissioner of the Kentucky Department of Corrections (KDOC); Alan Brown, Warden of Programs at KSP; Dr. Steve Hiland, physician at KSP; Shannon Hiland, nurse at KSP; and John Wood, N.S.A. at KSP. Previously, all parties but Steve Hiland, Chanin (Shannon) Hiland and John Wood were dismissed.

Plaintiff alleges claims of deliberate indifference to a serious medical need under the Eighth and Fourteenth Amendments. He claims that he has sleep apnea and needs to be able to use his C-PAP machine any time he goes to sleep, whether at night or during the day while

taking naps, because without the machine he is placed at "very serious risk" for dying in his sleep. He initially reports a two-month delay in his receipt of his C-PAP breathing machine. While he has now received his C-PAP machine, he claims that his use of the machine is limited to nights and reports that because there is no outlet in his segregation cell, an extension cord is run into his cell but has been unplugged on occasion. He states that he has requested unlimited use of the machine at night and throughout the day; a battery backup so that he will not suffocate if the power goes out; and a water-based inhalant to use in his breathing machine. He has also requested that, upon release from segregation, he be placed in a non-smoking cell due to his breathing condition. Plaintiff has tried to avail himself of multiple administrative remedies.

This Court granted summary judgment or dismissal on all the claims. At the time, Defendants claimed Plaintiff had been released from segregation and assigned to his requested cell, and Plaintiff did not dispute that claim. Accordingly, all associated claims were denied as moot. The remaining claims all centered around his treatment. Since Plaintiff had access to the medical staff and was on a treatment plan for his sleep apnea involving 8 hours of C-PAP aided sleep a day, Plaintiff failed as a matter of law to show the deliberate indifference required under the Eighth Amendment.

## DISCUSSION

### 1. Motion to Alter Judgment

As to the claims involving limited access to his C-PAP machine and need for a water-based inhalant and battery backup, Plaintiff has raised no new law or evidence in his motion to alter judgment. Accordingly, this Court will rest on its initial opinion. Plaintiff can show, at

best, a disagreement with the medical staff about his treatment plan. Such does not rise to the level of a constitutional violation. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. Because [Burke's] allegations simply constitute a difference of opinion between himself and medical personnel regarding his medical condition, he has failed to allege facts that, if proved, would rise to the level of deliberate indifference in order to support an Eighth Amendment claim." *Brock v. Crall*, 8 Fed. Appx. 439, 440-41 (6th Cir. 2001) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

Plaintiff also originally requested assignment to a certain cell block after being released from the segregation unit. Plaintiff did not previously contest Defendant's statement that he had been assigned to his requested cell block, but now claims that he is currently in the segregation unit. However, given that Plaintiff has a history of having his assignment request honored and there is no indication that it will not be honored in this case once he is no longer in the segregation unit, there is no case or controversy surrounding this claim and this Court lacks jurisdiction. *Flast v. Cohen*, 392 U.S. 83 (1968).

Finally, Plaintiff contends that the guards are still unplugging the extension cord to his C-PAP machine. The Supreme Court has made it clear that "intentionally interfering with [a] treatment once prescribed" can constitute an Eighth Amendment violation, so this contention is initially troubling. However, Plaintiff has stated that the guards were unplugging his C-PAP machine "per orders of Medical staff." *Memorandum in Support of Motion to Alter Judgment*, DN 65, pg. 8. The guards in this instance are only following through with the treatment

3

prescribed by the doctors, and not intentionally interfering with it. As a result, there is no claim for deliberate indifference as a result of the guards unplugging the C-PAP machine. Even if there was evidence to show that the guards were, in fact, intentionally interfering with Plaintiff's medical treatment, that claim could not be properly raised against any of the current Defendants. Plaintiff cannot survive the Motions for Summary Judgment and Dismissal on this ground.

Plaintiff has either rehashed old arguments or raised new arguments lacking merit. Accordingly, the Motion to Alter Judgment is DENIED for the foregoing reasons and the reasons discussed in the initial memorandum opinion and order.

## 2. Motion to Amend

Plaintiff has also filed a Motion to Amend. However, Plaintiff has neither filed an amended complaint with his motion to amend nor informed this Court what amendments he thinks will provide him a cause of action. Accordingly, the Motion to Amend is DENIED.

## 3. Remaining Motions

Plaintiff has filed a motion to appoint counsel to help with trial (DN 64). Because the Motion to Alter Judgment or Amend is denied, counsel for trial is unnecessary. The motion for counsel is DENIED. Plaintiff filed a motion to appeal *in forma pauperis* and to appoint counsel for his appeal (DN 67, 68). However, Plaintiff has failed to attach any required proof of indigency or income. Accordingly, the motion to proceed *in forma pauperis* is DENIED. Plaintiff can refile the application with the appropriate paperwork before the Sixth Circuit. Similarly, whether Plaintiff will need an attorney on appeal is not yet clear and should be refiled

with the Sixth Circuit once the issues on appeal become more clear. The motion is DENIED.

Finally, Plaintiff has filed a motion to send all necessary records to the Sixth Circuit. To the extent that this is necessary, the motion is GRANTED.